# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TYTON HESTER, #222160 | § |
| | § Civil Action No. 4:19-CV-810 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| UNITED STATES OF AMERICA, ET AL. | § |
| | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 11, 2021, the report of the Magistrate Judge (Dkt. #35) was entered containing proposed findings of fact and recommendations that: (1) Defendants' Motions to Dismiss (Dkts. #23; #26) be granted; (2) Plaintiff Tyton Hester's claims against the United States of America and AUSA Gonzalez in his official capacity be dismissed without prejudice; (3) Plaintiff's claims against AUSA Gonzalez in his individual capacity be dismissed with prejudice; (4) Plaintiff's claims against the State of Texas and Defendant Thielke in her official capacity be dismissed without prejudice; (5) Plaintiff's claims against Defendant Thielke in her individual capacity be dismissed with prejudice; and (6) Plaintiff be advised that this dismissal counts as a strike under 28 U.S.C. § 1915.

Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkt. #41) and the United States' Response (Dkt. #43), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

**OBJECTION TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

Plaintiff filed this lawsuit in the Eastern District of Texas on November 7, 2019 (Dkt. #1). His live pleading, filed December 26, 2019, asserts claims against the State of Texas, the United States of America, Director of Parole Division Pamela Thielke in her official and individual capacity, and Assistant United States Attorney Ernest Gonzalez in his official and individual capacity (Dkts. #5 at pp. 1–3; #29 at p. 5; #34 at p. 4). The Magistrate Judge recommended each of Plaintiff's claims be dismissed. Plaintiff filed objections, which the Court will address in turn.

*First Objection: Sovereign Immunity*

The Magistrate Judge recommends Plaintiff's § 1983, and also any FTCA claim, if one is asserted, against the United States and AUSA Gonzalez in his official capacity be dismissed because (1) a suit against a federal officer in his or her official capacity is really a suit against the United States; (2) Congress did not waive the United States' sovereign immunity via § 1983; and (3) Plaintiff has not pleaded exhaustion for any claim under the FTCA (Dkt. #35 at pp. 4–8).

In his Objections, Plaintiff argues his suit is "*not* directly against the United States, but by and through an extension of AUSA Gonzalez," referencing *Bivens* (Dkt. #41 at pp. 1–2) (emphasis added). As a result, Plaintiff advances his suit "actually *is* a suit directly against the United State[s]" (Dkt. #41 at p. 3) (emphasis added). Plaintiff also generally alleges the United States failed to adequately train or supervise AUSA Gonzalez (Dkt. #41 at p. 3). In response, the United States argues Plaintiff's "newfound argument that his complaint for damages is not directly against

the United States" is without merit, and further his "objections do not provide any support or authority that would allow this Court to obtain subject matter jurisdiction" (Dkt. #43 at pp. 1–2).

A suit against a federal officer in his or her official capacity, like AUSA Gonzalez, is really a suit against the United States. *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010). Here, Plaintiff complains about alleged actions arising out of the prosecution of his criminal case. Whether Plaintiff seeks damages from the United States directly or "by and through an extension of the AUSA Gonzalez" as a result of such actions, Plaintiff provides no authority the United States has consented to be sued. Plaintiff's claims against the United States should be dismissed; Plaintiff's objection is overruled.

*Second Objection:* **Bivens**

The Magistrate Judge also recommends Plaintiff's *Bivens* claims against AUSA Gonzalez in his individual capacity be dismissed with prejudice because AUSA Gonzalez is entitled to absolute immunity as his "actions fall within the scope of a federal prosecutor's employment" (Dkt. #35 at pp. 8–10). Plaintiff objects, arguing AUSA Gonzalez is not entitled to absolute immunity because his conduct of presenting evidence to a grand jury did not relate to preparation for the initiation of prosecution or a judicial proceeding (Dkt. #41 at p. 7). He also argues "AUSA Gonzalez is not entitled to qualified immunity because his conduct violate[s] clearly established statutory or constitutional rights" (Dkt. #47 at p. 7).

"A prosecutor enjoys absolute immunity when [his] actions are 'intimately associated with the judicial phase of the criminal process.' " *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in [his] role as 'advocate for the state' in the courts, or when [his] conduct is 'intimately associated with the

3

judicial phase of the criminal process.'" *Loupe*, 824 F.3d at 539 (citing *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997)).  Absolute immunity applies to federal prosecutors.  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987); *see also Danmola v. Cureton*, No. 4:20-CV-579-P, 2021 WL 662019, at *2 (N.D. Tex. Feb. 19, 2021).  To be clear, a federal prosecutor is shielded by absolute immunity as to a *Bivens* claim when that prosecutor "was acting within the scope of his employment as a prosecutor[.]"  *Rodriguez v. Lewis*, 427 F. App'x 352, 353 (5th Cir. 2011) (per curiam).

Plaintiff takes issue with AUSA Gonzalez's decision to present evidence to the grand jury and pursue criminal prosecution (Dkt. #35 at pp. 9–10).  Without authority, Plaintiff argues presenting evidence to a grand jury does not relate to initiating prosecution.  The Court disagrees. *See Ragsdale v. Mississippi*, No. 3:19CV254-M-V, 2020 WL 5731790, at *2 (N.D. Miss. Sept. 24, 2020) (finding a district attorney was entitled to absolute immunity while presenting evidence to a grand jury because it is "intimately associated with the judicial phase of the criminal process"). Additionally, even if this were not the case, Plaintiff's *Bivens* claim would be dismissed because it does not fall under one of the three situations recently recognized by the Fifth Circuit for *Bivens* claims.  *See Byrd v. Lamb*, No. 20-20217, 2021 WL 871199, at *2 (5th Cir. Mar. 9, 2021) (per curiam).  Plaintiff's objection is overruled.

### *Third Objection: Eleventh Amendment Immunity*

The Magistrate Judge further recommends Plaintiff's claims against the State of Texas and Thielke in her official capacity be dismissed as barred by Eleventh Amendment Immunity (Dkt. #35 at pp. 10–12).  Similar to his arguments regarding sovereign immunity, in his Objections, Plaintiff argues his suit is "*not* directly against the State of Texas, but by and through an extension of Pamela Thielke" (Dkt. #41 at p. 7) (emphasis added).  Plaintiff continues his suit "actually *is* a

4

suit directly against the State of Texas" (Dkt. #41 at p. 9) (emphasis added).  Plaintiff also generally argues the State of Texas failed to adequately train or supervise Thielke (Dkt. #41 at p. 9). "Congress has not abrogated state sovereign immunity under . . . § 1983." *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (quoting *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)) (alteration in original).  Thus, Plaintiff cannot assert a § 1983 claim against the State of Texas or Thielke, a state official, in her official capacity.  *See id.* Plaintiff's objection is overruled.

*Fourth Objection: Absolute Immunity and Personal Involvement*

The Magistrate Judge recommends Plaintiff's § 1983 claim against Thielke in her individual capacity be dismissed with prejudice because she is immune from suit and was not "personally involved in any of the acts or omissions that [Plaintiff] alleges resulted in a violation of his constitutional rights" (Dkt. #35 at pp. 13–15).  Plaintiff objects, arguing he is not challenging the revocation of his parole but, rather, is seeking relief for the delay of a prompt revocation hearing (Dkt. #41 at p. 10).  Plaintiff also argues Thielke was personally involved because she is responsible "for training and supervision of her subordinates" (Dkt. #41 at pp. 11–13).

"Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam).  Plaintiff's argument to the contrary is without merit.  In any event, in his Objections, Plaintiff does not point to any allegations demonstrating Thielke's personal involvement in any decision to delay a revocation hearing.  Yet in order to survive dismissal, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).  General

allegations regarding training and supervision are insufficient. *See Sutherland v. Akin*, No. 4:19-CV-216-O, 2021 WL 462103, at *6 (N.D. Tex. Feb. 9, 2021). Plaintiff's objection is overruled.

*Final Objection: Damages*

The Magistrate Judge lastly recommends Plaintiff's request for compensatory damages be dismissed because he "does not plead any specific facts showing he suffered any injury" under the Prison Litigation Reform Act and Plaintiff's request for punitive damages be dismissed because each of his claims are barred (Dkt. #35 at pp. 15–16). Plaintiff objects, arguing he can seek punitive or nominal damages for a violation of constitutional rights under the PLRA even if there is no showing of physical injury (Dkt. #41 at p. 13). This is precisely what the Magistrate Judge explained in the report (Dkt. #35 at pp. 15–16). Yet Plaintiff has still not shown any "defendant's conduct 'is "motivated by evil intent" *or* demonstrates "reckless or callous indifference" to a person's constitutional rights.' " *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)) (emphasis in original). And there are no remaining claims upon which relief can be granted. Thus, Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff Tyton Hester's Objections (Dkt. #41) and the United States' Response (Dkt. #43), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #35) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** Defendants' Motions to Dismiss (Dkts. #23; #26) are **GRANTED**.

It is further **ORDERED** that Plaintiff's claims against the United States of America and AUSA Gonzalez in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's claims against AUSA Gonzalez in his individual capacity are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's claims against the State of Texas and Defendant Thielke in her official capacity are **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that Plaintiff's claims against Defendant Thielke in her individual capacity are **DISMISSED WITH PREJUDICE**.

Plaintiff is advised that this dismissal counts as a strike under 28 U.S.C. § 1915.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 22nd day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE